**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Marcus Tyrone Grant, Appellant.

Appellate Case No. 2024-000370

———————

Appeal From Laurens County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-154
Submitted March 2, 2026 – Filed April 1, 2026

———————

**AFFIRMED**

———————

Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Marcus Tyrone Grant appeals his convictions for third-degree assault and battery by mob and kidnapping and concurrent sentences of one year's imprisonment and thirty years' imprisonment suspended upon the service of

eighteen years' imprisonment and five years' probation. On appeal, Grant argues the trial court erred in admitting hearsay testimony under the excited utterance exception because the victim was no longer under the stress of excitement of the event when he spoke to the witnesses, his aunt and uncle. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the victim's statements to the witnesses because he was still under the stress of the assault when he made the statements. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 801(c), SCRE (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); Rule 802, SCRE ("Hearsay is not admissible except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 803(2), SCRE (stating an "excited utterance" is not excluded by the hearsay rule, even though the declarant is available as a witness); *id.* (defining an "excited utterance" as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"); *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602, 604 (2008) ("A court must consider the totality of the circumstances when determining whether a statement is admissible under the excited utterance exception, and the determination is generally left to the sound discretion of the trial court."). At trial, the evidence showed the victim was "highly upset" and "shook up" when he explained the assault and identified the men who assaulted him, which included Grant, both while he was on the telephone to his uncle ten to fifteen minutes after the assault and in person to his aunt and uncle fifteen to thirty minutes after the assault; thus, we hold the victim was still under the stress of the event and his statements to the witnesses are admissible under the excited utterance exception. *See State v. Sims*, 348 S.C. 16, 21-22, 558 S.E.2d 518, 521 (2002) ("Even statements after extended periods of time can be considered an excited utterance as long as they were made under continuing stress."); *id.* at 22, 558 S.E.2d at 521 ("Other factors useful in determining whether a statement qualifies as an excited utterance include the declarant's demeanor, the declarant's age, and the severity of the startling event.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**